UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

GENE TURNER,

*Defendant-Appellant.*

No. 01-4075

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-99-52)

Submitted: January 25, 2003

Decided: March 17, 2003

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Keith Michael Cave, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Gene Turner appeals his conviction and sentence imposed pursuant to a guilty plea to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841, 846 (2000). Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Turner's behalf that Turner received ineffective assistance of counsel. In addition, Turner has filed a pro se supplemental brief, alleging the district court was required to file a second detention order after vacating his original sentence. Turner also contends his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that 21 U.S.C. § 841 (2000) is unconstitutional in light of *Apprendi*. Turner has also filed a letter with this court in which he raises numerous additional issues. Finding no reversible error, we affirm.

Turner first contends his trial counsel was ineffective at sentencing. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a 28 U.S.C. § 2255 (2000) motion. *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule obtains when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. A review of the record does not conclusively establish ineffective assistance of counsel, and Turner's ineffective assistance claims are therefore not cognizable in this direct appeal.

In his pro se supplemental brief, Turner first contends the district court was required to enter a new detention order under 18 U.S.C. §§ 3141, 3143 (2000) pending re-sentencing after vacating his original sentence. We find this claim to be without merit.

Turner next contends his 300-month sentence violates *Apprendi* because a specific drug quantity was not charged in his indictment. Because Turner had previously been convicted of a drug trafficking crime, he was eligible for a maximum sentence of thirty years. *See* 21

U.S.C. § 841(c). His sentence is well below the statutory maximum; thus, there is no *Apprendi* error.

Turner further contends 21 U.S.C. § 841 is unconstitutional in the wake of *Apprendi*. This claim is foreclosed by this court's decision in *United States v. McAllister*, 272 F.3d 228, 232 (4th Cir. 2001).

We have reviewed Turner's supplemental letter and find no merit in the claims raised therein.

Pursuant to *Anders*, we have reviewed the record and find no error. Accordingly, we affirm Turner's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*